IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| William Wise Murray, | ) | C/A No.  3:97-231-17 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on petitioner's motion requesting leave to amend his petition under 28 U.S.C. § 2255, originally filed on January 27, 1997. The petitioner seeks to have certain new claims "relate back" to his original § 2255 petition under Rule 15(c)(2) of the Federal Rules of Civil Procedure. He also seeks to amend his petition to add a claim of actual innocence.

On June 9, 1994, the petitioner was convicted of armed bank robbery and sentenced to 300 months imprisonment.[1] Murray filed a direct appeal of his conviction and sentence, which the Fourth Circuit Court of Appeals affirmed on September 21, 1995. *United States v. Murray*, 65 F.3d 1161 (4th Cir. 1995).

On January 27, 1997, Murray filed a § 2255 motion claiming ineffective assistance of

---

[1] The Honorable Dennis W. Shedd was the presiding judge in Murray's underlying criminal case (CR No. 3:93-470, D.S.C.) and his subsequent § 2255 action (C/A 3:97-231, D.S.C.). Judge Shedd has since been elevated to the Fourth Circuit Court of Appeals and this matter is now before the undersigned.

1

counsel on several grounds: (1) counsel failed to object at sentencing to the multiple enhancements under U.S.S.G. § 2B3.1(b)(2)(C) and (F) on the ground that the enhancements were alternative and not cumulative; (2) counsel failed to challenge on appeal the district court's upward departures for the dangerousness of the weapon and extreme psychological injury; and (3) counsel failed to investigate adequately the validity of the arrest warrant and indictments.

The district court granted the government's motion for summary judgment and denied Murray's § 2255 petition. Murray then filed an appeal. (No. 97-6735).

On April 6, 1999, the Fourth Circuit found, as to Murray's first claim, that counsel's performance fell below an objective standard of reasonableness. The Court vacated and remanded his sentence for the district court to determine whether brandishing, displaying or possessing a firearm under U.S.S.G. § 2B3.1(b)(2)(C) or making an express threat of death under U.S.S.G. § 2B3.1(b)(2)(F) best described Murray's conduct during the robbery, and then accordingly adjust the offense and re-sentence him.

Murray was re-sentenced to a term of 262 months and an amended judgment was entered on January 26, 2000. He filed an appeal shortly before he was re-sentenced, and later received permission from the court to withdraw that appeal.

The day after re-sentencing, Murray filed a motion to correct his sentence pursuant to 18 U.S.C. § 3582. Judge Shedd denied that motion and Murray again filed an appeal (No. 00-6655), which the Fourth Circuit affirmed on January 8, 2001.

Murray then filed a petition for writ of error coram nobis which the Fourth Circuit

denied on January 30, 2002 (No. 01-7796). The Fourth Circuit noted in that decision that because Murray is in federal custody and has filed a prior motion under § 2255, he may not circumvent the gatekeeping provisions of a § 2255 and 28 U.S.C. § 2244 by filing this petition.

On July 10, 2002, Murray filed a motion in the Fourth Circuit pursuant to 28 U.S.C. § 2244 requesting an order authorizing the district court to consider a second or successive application for relief under § 2255. The Fourth Circuit summarily denied his § 2244 motion on July 29, 2002.

On October 11, 2002, Murray filed a writ of mandamus in the district court. The Honorable Cameron M. Currie, assigned to review this post-judgment matter, denied the writ. In her order of December 27, 2002, Judge Currie indicated it was clear petitioner was attempting to avoid the limitations on filing successive § 2255 petitions as well as the Fourth Circuit's order denying his § 2244 motion.

It also appears Murray filed a writ of mandamus with the Fourth Circuit, which was denied on February 10, 2003. (No. 02-7505).

Murray now requests leave to amend his original § 2255 petition filed in Civil Action No. 3:97-231.[2] Murray asserts in his recent round of motions that he is "actually innocent" in light of the Supreme Court's holdings in *Blakely v. Washington* and *United States v. Booker*. There is no indication in the record that Murray has sought leave from the United

---

[2] Murray filed a motion in 2003 requesting the court allow him to "relate back" and amend his original § 2255 motion. This court denied his request in an order filed February 13, 2004. On January 18, 2005, Murray filed a motion for reconsideration of the court's February 13, 2004 order.

3

States Court of Appeals for the Fourth Circuit to amend his petition in this case. Leave from the United States Court of Appeals is required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2255 petitions. In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims. *See Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000).

Before Murray attempts to file another petition or amendment thereto in the United States District Court for the District of South Carolina, he *must* seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit. The petitioner can obtain the necessary forms for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia.

Accordingly, the motions to amend and relate back are denied as successive under Rule 9(b) of the Section 2255 Rules and under 28 U.S.C. § 2244(a). This denial is without prejudice to the petitioner's right to seek leave from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 petition. *See* 28 U.S.C. § 2255 (final paragraph). Murray's motion to reconsider this court's February 13, 2004 order is also denied.

IT IS SO ORDERED.

/s/ Joseph F. Anderson, Jr.
United States District Judge

May 17, 2005
Columbia, South Carolina

4